## ESTATE OF F. X. MURRAY.

### No. 8761—Nov. 4, 1878.

ADMINISTRATION, WHERE THE ALLEGATION OF THE EXISTENCE OF ESTATE IS ONLY COLORABLE, DENIED.

There can be no grant of administration where the apparent motive of the application is to clothe some one with the legal status of administrator, merely to make him defendant in a suit to quiet title, there being no estate, other than personal clothing which may not be actually in existence at the date of the application.

Construing section, C. C. P., 1371.

*J. Rothschild* and *A. C. Searle,* for petitioner.

Deceased died February 13, 1875, leaving a widow. Henry Dutton now applies for letters of administration. Deceased left no property except personal clothing, valued

at less than $100, which was taken possession of by the widow; her whereabouts is unknown, and whether or not the clothing is in existence is unknown. The real object for which letters are sought is apparent from the following facts: The widow, in her husband's lifetime, had a parcel of land conveyed to her, the deed expressing a money consideration; the money paid was her separate estate. The husband and wife joined in a mortgage of the land to the Farmers' and Mechanics' Bank, to secure her individual debt. After the death of her husband she executed a deed of the property to the bank. Mr. Dutton is president of the bank, and he now applies for letters of the husband's estate, to the end that the bank may commence suit against him as administrator, to obtain a decree that the husband had not and that his estate has no interest in the property.

By the COURT: The application is denied. The object of administration is to pay debts and distribute the surplus to the heirs. In order to have administration there must be property to be administered upon. The very foundation of Mr. Dutton's action is that the deceased had no property, except, it may be, the clothing, which the widow took. The existence of the clothing was brought forward for the sole purpose of attempting to save the jurisdiction of the Court; of course the bank does not wish to have its officer administer for the purpose merely of having that clothing set over to the widow, who had it.